UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CONSTANTINO KOSMIDIS,                                  )
                                                       )
                              Plaintiff               )        **AMENDED COMPLAINT**
                                                       )
                  -against-                            )        **JURY TRIAL DEMANDED**
                                                       )
                                                       )        18 Civ. 8413 (AJN)
THE PORT AUTHORITY OF NEW YORK AND                     )
NEW JERSEY, PORT AUTHORITY POLICE                      )
SERGEANT BERNARD BUCKNER, PORT                         )
AUTHORITY POLICE OFFICER STEVEN                        )
O'SHEA; PORT AUTHORITY POLICE OFFICER                  )
ALEXANDER VELEZ, JR.; PORT AUTHORITY                   )
POLICE OFFICER JOSEPH RICCARDI, JR.;                   )
JOHN DOES; and RICHARD ROES,                           )
                                                       )
                              Defendants.              )
-------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff CONSTANTINO KOSMIDIS

seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42

U.S.C. Section 1983, by the United States Constitution, including its First, Fourth and Fourteenth

Amendments, and by the laws and Constitution of the State of New York.  Plaintiff seeks

damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and

attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including

its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is

conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this

being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

1

3.      The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.      Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5.      Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.      Plaintiff filed a Notice of Claim with THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY on December 14, 2017.  More than 30 days have elapsed since service of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.      Plaintiff was at all times relevant herein a resident of the State of New York, New York County.

8.      Defendant THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY is and was at all times relevant herein a governmental entity created and authorized under the laws of the States of New York and New Jersey.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY assumes the risks incidental to the maintenance of a police force and the employment of police

2

officers as said risk attaches to the public consumers of the services provided by THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY.

9.      Defendants SERGEANT BUCKNER, POLICE OFFICER O'SHEA, POLICE OFFICER VELEZ, POLICE OFFICER RICCARDI, and JOHN DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the Port Authority Police Department, an agency of defendant THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY.  Defendants SERGEANT BUCKNER  and JOHN DOES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, were acting for, and on behalf of, and with the power and authority vested in them by THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants SERGEANT BUCKNER, POLICE OFFICER O'SHEA, POLICE OFFICER VELEZ, POLICE OFFICER RICCARDI, and JOHN DOES are sued individually.

10.      Defendants SERGEANT BUCKNER  and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of the Port Authority Police Department, an agency of defendant THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command.  Defendants SERGEANT BUCKNER  and RICHARD ROES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE PORT

3

AUTHORITY OF NEW YORK AND NEW JERSEY, were acting for, and on behalf of, and

with the power and authority vested in them by THE PORT AUTHORITY OF NEW YORK

AND NEW JERSEY, and were otherwise performing and engaging in conduct incidental to the

performance of their lawful functions in the course of their duties.  Defendants SERGEANT

BUCKNER  and RICHARD ROES  are sued individually.

## STATEMENT OF FACTS

11.     On September 15, 2017, Plaintiff, travelling on a Delta Airlines flight from

Athens, Greece, arrived at JFK International Airport, Jamaica, New York, 11430.

12.     Plaintiff on that date was 72 years old.

13.     Plaintiff is hard of hearing, and suffers from a variety of physical infirmities, such

as diabetes.

14.     Plaintiff's plane arrived at Terminal 4.

15.     Plaintiff was seated on the plane upon arrival at the terminal.

16.     During the flight, Plaintiff and a man in the seat next to him had had a dispute

over the armrest between their seats.

17.     The dispute between the men was a minor matter, which involved some raised

voices but no physical violence.

18.     Upon arrival two individuals, on information and belief from the TSA (U.S.

Transportation Security Administration) came onto the plane and escorted Plaintiff off of the

plane before the other passengers.

19.     These TSA agents escorted Plaintiff off of the plane without incident, and without

any need to lay hands upon Plaintiff.

20.     As Plaintiff stepped off of the plane, however, he was immediately accosted by

4

SERGEANT BUCKNER and JOHN DOES members of the Port Authority Police Department (approximately four or five of them, on information and belief including POLICE OFFICER O'SHEA, POLICE OFFICER VELEZ, and POLICE OFFICER RICCARDI), who - without cause or justification, and without even attempting to explain to Plaintiff what they were doing and why they wanted to arrest him - threw him to the ground and manhandled him, and rear-handcuffed him.

22.     Plaintiff did not act aggressively toward, or threaten, SERGEANT BUCKNER, POLICE OFFICER O'SHEA, POLICE OFFICER VELEZ, POLICE OFFICER RICCARDI, or any other JOHN DOES present, in any way.

22.     SERGEANT BUCKNER, POLICE OFFICER O'SHEA, POLICE OFFICER VELEZ, POLICE OFFICER RICCARDI, and perhaps other JOHN DOES then took plaintiff to an isolated ramp area that was not accessible to members of the general public.

23.     While in that ramp area, SERGEANT BUCKNER, POLICE OFFICER O'SHEA, POLICE OFFICER VELEZ, POLICE OFFICER RICCARDI, and perhaps other JOHN DOES, brutalized Plaintiff, by again throwing him to the ground, and punching, kicking, and stepping on plaintiff, all without cause or justification.

24.     SERGEANT BUCKNER, POLICE OFFICER O'SHEA, POLICE OFFICER VELEZ, POLICE OFFICER RICCARDI, and perhaps other JOHN DOES, also verbally abused Plaintiff, and called him "old man," and cursed at him.

25.     During the course of their interactions, Plaintiff was critical of the violent and abusive behavior of SERGEANT BUCKNER, POLICE OFFICER O'SHEA, POLICE OFFICER VELEZ, POLICE OFFICER RICCARDI, and perhaps other JOHN DOES, and also cursed back.

5

26.     Plaintiff asked for water, and was denied water by SERGEANT BUCKNER, POLICE OFFICER O'SHEA, POLICE OFFICER VELEZ, POLICE OFFICER RICCARDI, and perhaps other JOHN DOES.

27.     Plaintiff asked to urinate, and was told, in sum and substance, that he should piss on himself by SERGEANT BUCKNER, POLICE OFFICER O'SHEA, POLICE OFFICER VELEZ, POLICE OFFICER RICCARDI, and perhaps other JOHN DOES

28.     Plaintiff asked to be able to have a cigarette after his long flight from Athens, and that request was also denied.

29.     At some point SERGEANT BUCKNER stepped away to use a phone that was at some remove from Plaintiff.

30.     When he returned from using the phone SERGEANT BUCKNER tore up a number of summonses that POLICE OFFICER O'SHEA, POLICE OFFICER VELEZ, POLICE OFFICER RICCARDI, and perhaps otherJOHN DOES had written up and which they were preparing to issue to Plaintiff.

31.     SERGEANT BUCKNER then told plaintiff he was free to leave, and released Plaintiff from custody.

32.     SERGEANT BUCKNER ripped up the summonses in order to prevent Plaintiff from having the identity or identities of those who had abused him.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

33.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

6

34.     By their conduct and actions in searching and seizing plaintiff, falsely arresting and imprisoning plaintiff, assaulting and battering plaintiff, trespassing upon plaintiff, violating and retaliating for plaintiff's exercise of his rights to free speech, violating plaintiff's rights to due process, destroying evidence, acting to cover up the misconduct of the other defendants, failing to intercede on behalf of the plaintiff and in failing to protect the plaintiff from the unjustified and unconstitutional treatment he received at the hands of other defendants, Defendants SERGEANT BUCKNER, POLICE OFFICER O'SHEA, POLICE OFFICER VELEZ, POLICE OFFICER RICCARDI, and JOHN DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth amendments.

35.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

36.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

37.     By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants SERGEANT BUCKNER and RICHARD ROES caused damage and injury in violation of

plaintiff's rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth amendments.

38.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

### LIABILITY OF DEFENDANT PORT AUTHORITY OF NEW YORK AND NEW JERSEY FOR CONSTITUTIONAL VIOLATIONS

39.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

40.    At all times material to this complaint, defendant THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, acting through its police department, and through the individual defendants, had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

41.    At all times material to this complaint, defendant THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

42.    At all times material to this complaint, defendant THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, acting through its police department and through the

individual defendants, had <u>de</u> <u>facto</u> policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, including through the destruction of evidence and "the blue wall of silence." Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

43.      At all times material to this complaint, defendant THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for individuals' exercise of free speech in a manner that affronts police officers or is interpreted by police officers as challenging their authority. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

44.      At all times material to this complaint, the defendant THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, acting through its police department and through the individual defendants, had <u>de</u> <u>facto</u> policies, practices, customs and/or usages of engaging in excessive and gratuitous uses of force. Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

45.      As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

**FOURTH CLAIM**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA)**
**AND SECTION 504 OF THE REHABILITATION ACT**

46.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

47.     Title II of the Americans with Disabilities Act ("ADA") provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

48.     Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States … shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency …."

49.     The ADA provides that the "remedies, procedures, and rights" of Section 504 "shall be the remedies procedures, and rights" provided to plaintiffs under the ADA. 42 U.S.C. § 12133.

50.     Plaintiff was and is a "qualified individual," with a physical disability that substantially limited his physical abilities.

51.     THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, and its police department, are entities that must comply with Section 504 and the ADA.

52.     The individual Defendants were and are individuals who are employed by, associated with or otherwise acting as authorized representatives or agents of THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY.

10

53.     At all times herein mentioned, the above-named defendants, and each of them, were the agents, representatives, principals and/or employees of the THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY and, in doing the things alleged herein, were acting within the course and scope of said agency or employment.

54.     THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY receives federal financial assistance.

55.     Defendants knew or should have known that plaintiff was disabled; in particular, it was obvious that Plaintiff was hard of hearing, and was asking for water and to urinate to alleviate pressing physical needs.

56.     Defendants subjected plaintiff to discrimination on the basis of his physical handicaps.

57.     Defendants failed to reasonably accommodate plaintiff's disabilities.

58.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

**RESPONDEAT SUPERIOR LIABILITY OF THE
PORT AUTHORITY OF NEW YORK AND NEW JERSEY
FOR STATE LAW VIOLATIONS**

59.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

60.     The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as Port Authority police personnel, and/or while they were acting as agents and employees of the

defendant THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, and, as a result, the defendant THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

61.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

## FALSE ARREST AND FALSE IMPRISONMENT

62.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

63.     By the actions described above, defendants caused plaintiff to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

64.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

## ASSAULT AND BATTERY

65.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

66.     By the actions described above, defendants did inflict assault and battery upon the

plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

67. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

68. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

69. By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or negligently caused emotional distress to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

70. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

## NEGLIGENCE

71. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

72.     The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

73.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

74.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

75.     Defendants THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY negligently hired, screened, retained, supervised and trained defendants.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

76.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

### CONSTITUTIONAL TORT

77.     Plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

78.     Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 8, and 12 of the New York State Constitution.

79.     A damages remedy here is necessary to effectuate the purposes of §§ 6, 8, and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

80.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

a.  Compensatory damages;

b.  Punitive damages;

c.  The convening and empaneling of a jury to consider the merits of the claims herein;

d.  Costs and interest and attorney's fees;

e.  Such other and further relief as this court may deem appropriate and equitable.

Dated:          New York, New York
                February 26, 2019

                                        _____/S/_____
                                        JEFFREY A. ROTHMAN, Esq.
                                        315 Broadway, Suite 200
                                        New York, New York 10007
                                        (212) 227-2980

                                        Attorney for Plaintiff

16