UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Constantino Kosmidis,

   Plaintiff,

—v—

Port Authority of New York and New Jersey, *et al.*,

   Defendants.

18-cv-8413 (AJN)(RWL)

ORDER

ALISON J. NATHAN, District Judge:

  Plaintiff objects to Magistrate Judge Lehrburger's December 5, 2019 order, *see* Dkt. No. 56, denying his request for a three-month extension of fact discovery, *see* Dkt. No. 53, but granting a limited extension of approximately six weeks, from November 29, 2019 to January 11, 2020. *See* Objection, Dkt. No. 60.

  Under 28 U.S.C. § 636(b)(1)(A), the Court "may designate a magistrate judge to hear and determine any pretrial matter pending before the court." The Court may reconsider the magistrate judge's order "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.* "A magistrate judge's decision is 'clearly erroneous' only if the district court is 'left with the definite and firm conviction that a mistake has been committed.'" *Indergit v. Rite Aid Corp.*, No. 08-cv-9361 (JPO), 2016 WL 236248, at *1 (S.D.N.Y. Jan. 20, 2016) (citation omitted). "A clearly erroneous decision 'must strike the court as more than just maybe or probably wrong; it must strike the court as wrong with the force of a five-week-old unrefrigerated dead fish.'" *In re Kollel Mateh Efraim, LLC*, 456 B.R. 185, 191 (S.D.N.Y. 2011) (citation omitted). "A decision is contrary to law if it 'fails to apply or

1

misapplies relevant statutes, case law, or rules of procedure.'" *Indergit*, 2016 WL 236248, at *1 (citation omitted).

"This standard of review is 'highly deferential'; 'magistrate judges are afforded broad discretion in resolving nondispositive disputes and *reversal is appropriate only if their discretion is abused.*'" *Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc.*, 301 F.R.D. 47, 50 (S.D.N.Y. 2014) (emphasis added) (quoting *Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 511 (S.D.N.Y. 2013)). Because this standard is highly deferential, the objector carries a "heavy burden" in seeking to overturn a discovery order. *See Khaldei v. Kaspiev*, 961 F. Supp. 2d 572, 575 (S.D.N.Y. 2013).

Plaintiff has failed to bear the heavy burden of establishing that Judge Lehrburger abused his discretion in denying Plaintiff's request for a three-month extension of fact discovery and instead granting a more limited roughly six-week extension to allow Plaintiff to obtain information sought from the Department of Homeland Security. *See* Dkt. No. 56 ("Plaintiff's request to extend discovery for 3 months, as set forth in Plaintiff's November 22, 2019 letter (Dkt. 53), is resolved as follows. The request is denied. However, the discovery period is extended until January 11, 2020 for the sole purpose of Plaintiff's continued efforts to obtain information from DHS as described on page 2 of Dkt. 53."); Dkt. No. 53 at 2 (describing information sought from DHS, including the name of the Customs and Border Protection Officer who witnessed the alleged incident that is the subject of the complaint and information regarding the video surveillance systems that were located where the incident occurred). Two previous discovery extensions have been granted in this case, extending the close of fact discovery over six months, from May 27, 2019 to November 29, 2019. *See* Dkt. Nos. 38, 46. Moreover, when Judge Lehrburger granted the second extension—from July 29, 2019 to November 29, 2019—he

explicitly put the parties on notice that "no further extensions" would be granted "absent compelling circumstances." *See* Dkt. No. 46. Though Plaintiff does not object to Defendants' assertion that he "did not engage in any discovery" for the two and a half months between September 5, 2019 to November 21, 2019, *see* Dkt. No. 55 at 2; *see generally* Dkt. No. 60, Plaintiff nonetheless sought a discovery extension on November 22, 2019—one week prior to the scheduled close of fact discovery, *see* Dkt. No. 53.

While the Court is sympathetic to the personal and professional challenges Plaintiff's counsel has faced over the last few months, *see* Dkt. No. 53 at 3; Dkt. No. 60 at 4, it does not find Judge Lehrburger's denial of Plaintiff's three-month extension request an abuse of discretion under the circumstances. Indeed, as discussed above, fact discovery has already been extended over six months in this case, and Judge Lehrburger did not deny Plaintiff's request *in full*, but rather granted Plaintiff a more limited extension in order to afford him the opportunity to obtain information that he seeks from DHS. Though Plaintiff identified other discovery matters that remain outstanding in his November 22 extension request, he could have made attempts to pursue these matters during the two and a half months Defendants allege no discovery was conducted. In light of the foregoing considerations, it was within Judge Lehrburger's discretion to deny Plaintiff's request for additional time to pursue these matters. Accordingly, Plaintiff's objection is DENIED.

This resolves Dkt. No. 60.

SO ORDERED.

Dated: January ___, 2020
New York, New York

_____
ALISON J. NATHAN
United States District Judge

3