```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/30/20
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Constantino Kosmidis,

                Plaintiff,

      –v–

Port Authority of New York and New Jersey, *et al.*,

                Defendants.

18-cv-8413 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    Before the Court are objections filed by Plaintiff Constantino Kosmidis to Magistrate Judge Robert Lehrburger's August 27, 2020 Report & Recommendation ("R & R") concerning Plaintiff's motion for discovery sanctions based on alleged spoliation of evidence. *See* Dkt. No. 77 (hereinafter "R & R"); Dkt. No. 82 ("Pl. Obj."). In the R & R, Judge Lehrburger recommended denial of Plaintiff's request for discovery sanctions, in part with prejudice and in part without. *See* R & R at 15, 20–21, 24. For the reasons stated below, Kosmidis's objections are overruled, and the Court adopts Judge Lehrburger's recommendation in its entirety.

    The Court assumes familiarity with the facts of this case, which are laid out in detail in the R & R. *See* R & R at 1–8. Unless otherwise noted, they are incorporated by reference herein.

    **I.**    **Legal Standard**

    The first issue before the Court is determining the appropriate legal standard of review. The parties disagree as to the appropriate standard. Kosmidis argues that because he sought terminating sanctions, the requested relief was dispositive and Judge Lehrburger's denial of the

motion was therefore a determination of a dispositive motion. *See* Pl. Obj. at 2. Defendants, meanwhile, argue that because "no sanctions were issued as a result of the spoliation motion at issue," Judge Lehrburger's ruling was "non-dispositive" and this Court should review under Rule 72(a)'s clearly erroneous or contrary to law standard. *See* Dkt. No. 83 ("Def. Resp.") at 1–2. The Court need not decide this issue because even under the stricter *de novo* standard, Plaintiff's objections would fail.

A court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain motions. 28 U.S.C. § 636(b)(1)(B). When a magistrate judge issues a report and recommendation, Rule 72(b) provides that "a party may serve and file *specific written objections* to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). In that event, "[t]he district judge must determine de novo any part of the magistrate judge's disposition *that has been properly objected to*." Fed. R. Civ. P. 72(b)(3) (emphasis added); *see also United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997) (quoting 18 U.S.C. § 636(b)(1)). Throughout, objections to a report and recommendation "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). On the other hand, "[w]hen a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Id.* at 487 (citing *Pearson–Fraser v. Bell Atl.,* No. 01 Civ. 2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003)).

**II.     Discussion**

As a preliminary matter, many of Kosmidis's objections are too generalized or conclusory to trigger *de novo* review. *See Molefe*, 602 F. Supp. 2d at 487; *see generally* Pl. Obj. at . Indeed, throughout his brief, Kosmidis repeats abstract and generalized assertions expressing dissatisfaction with the Judge Lehrburger's conclusion that fail to identify "specified proposed findings or recommendations to which objection is made." *Male Juvenile (95-CR-1074)*, 121 F.3d at 38 (quoting 18 U.S.C. § 636(b)(1)). To the extent that Plaintiff levies general objections to the R & R, then, the Court concludes that they are unavailing and that they fail to properly object to any of the R & R's analysis, findings, or conclusions. *See* Fed. R. Civ. P. 72(b)(3). And in reviewing those general objections, the Court finds that there is no error, let alone clear error, in the R & R's reasoning.

Kosmidis does, however, offer several specific and proper objections. After a searching *de novo* review of the record, however, the Court agrees with the R & R's reasoning and conclusions and adopts the R & R in full.

First, Kosmidis argues that Judge Lehrburger erred in observing that "there is no procedure for destroying a summons that has not been issued." Pl. Obj. at 6 n.5 (citing R & R at 4). According to Kosmidis, "'[i]ssued' here simply means 'written,'" from which, Kosmidis argues, Buckner "could have employed the voiding procedure and thus not spoliated the summonses." *Id*. Kosmidis's objection fails for several reasons. First, he does not provide any support for his contention that a summons is deemed "[i]ssued" when it is written. Second, Kosmidis objects that Buckner "*could* have employed the voiding procedure," *id.*, but the relevant question here is, at a minimum, whether Buckner *should* have done so, if not whether he was obligated to do so. And finally, as Judge Lehrburger's reasoning emphasizes, this is

precisely the sort of issue better raised at trial, where Kosmidis will have an opportunity to present evidence to the fact-finder that an official process existed and that it was not followed. Whether such a procedure applied to the summons in question will also bear on Buckner's state of mind when he decided to tear up the document.

Kosmidis also argues that the R & R erroneously determined that Kosmidis's motion for spoliation sanctions relied on disputed facts that must be resolved by the factfinder. *See* Pl. Obj. at 11 n.9; R & R at 11. But Kosmidis's objection misrepresents Judge Lehrburger's analysis. In that section of the R & R, Judge Lehrburger observed that the facts central to the spoliation issue, including facts relating to what Kosmidis said during and after the altercation, are disputed. In that sense, the inclusion of language speculating as to why Kosmidis cited his own deposition testimony, *see* Pl. Obj. at 11 n.9; R & R at 11, does not change the ultimate correctness of the R & R's resolution on this point. Furthermore, a review of the record reveals that Kosmidis's basis for moving for spoliations is undeniably rooted in facts that remain in dispute—the resolution of which will turn on the factfinder's evaluation of the credibility of the different witnesses. The R & R was thus correct that Plaintiff's motion is premised on facts that are in dispute and that must be resolved by the factfinder at trial and not by the Court at this juncture.

Kosmidis also appears to argue that the R & R erroneously analyzed the issue of whether Buckner and O'Shea should have been on notice regarding the potential for litigation, and that the R & R "ignore[d] basic common sense" in finding that the dearth of evidence undermined Kosmidis's claim that a duty to preserve attached. *See* Pl. Obj. at 11–12. The claim that Judge Lehrburger ignored "common sense" is at best conclusory, and any argument that Judge Lehrburger overlooked any evidence submitted is belied by the record. *See* R & R at 16–17, 19–20. Indeed, at no point does Kosmidis point to any evidence or any argument that the R & R

overlooked. After a searching review of the record, the Court concludes, as Judge Lehrburger did, that Kosmidis did not meaningfully advance any evidence or support for the proposition that Buckner and O'Shea objectively should have anticipated litigation. Accordingly, the Court overrules Kosmidis's objection for the reasons stated in the R & R. *See* R & R at 20.

The next set of objections relate to the R & R's analysis and application of three cases that Kosmidis cited in his motion papers: *Taylor v. City of New York*, 293 F.R.D. 601 (S.D.N.Y. 2013); *Manganiello v. City of New York*, 612 F.3d 149 (2d Cir. 2010); and *DeMeo v. Kean*, 754 F. Supp. 2d 435 (N.D.N.Y. 2010).

The R & R distinguished *Taylor* from the present case by observing that the *Taylor* court held that the *Taylor* court was presented with "thorough evidence . . . indicating the frequency with which injuries incurred by incarcerated persons result in litigation against the agency." R & R at 18–19 (citing *Taylor*, 293 F.R.D. at 610) (cleaned up). And, as already noted, the R & R observed that "[n]o comparable evidence has been produced here," finding that Kosmidis's citation to a single *New York Daily News* article—which Judge Lehrburger noted was "inadmissible hearsay"—was insufficient. *Id.* In objecting to the R & R, Kosmidis argues that "*Taylor* . . . simply stated that there were hundreds of incidents where injured inmates sued, and that based on such the DOC should have reasonably anticipated that the plaintiff in that case would file a lawsuit," and that as a result the *Taylor* court's reasoning was applicable here. Pl. Obj. at 14–15. However, Kosmidis parses the language of *Taylor* too aggressively; while *Taylor* did not cite the percentage of injured inmates, the court concluded that litigation "invariably ensued"—an important part of its analysis. *Taylor*, 293 F.R.D. at 610. In any event, Kosmidis's argument does not rebut the fundamental point that the *Taylor* court had evidence before it to support the notion that the frequency of litigation following certain kinds of incidents gave rise

to the reasonable anticipation of litigation. To that end, the Court agrees with Judge Lehrbuger that *Taylor* is readily distinguishable on the basis that the *Taylor* court had significant evidence that spoke to the likelihood of litigation following certain incidents, while no such evidence was presented to the Court here.

Kosmidis's objection to the R & R's analysis of *Manganiello* is similarly unavailing. The R & R distinguished *Manganiello* on the basis that in *Manganiello* litigation had already commenced when the policy officers destroyed the relevant evidence, and that the duty to preserve evidence had undeniably attached at that point. R & R at 17. Furthermore, the R & R points out that the defendant in *Manganiello* admitted at trial that he had a responsibility to preserve the evidence until trial, while here, neither of the defendants has conceded the existence of a duty to preserve and that the Summons was destroyed three months prior to initiation of the proceedings. *See id.* In response, Kosmidis suggests that Judge Lehrburger misunderstood the relevance of *Manganiello*, arguing that "*Manganiello* was cited for the proposition that law enforcement officers have a duty to preserve . . . [and] not for any factual similarities . . . ." Pl. Obj. at 16. But Kosmidis's objection ignores the point that the duty to preserve attached in *Manganiello* because litigation had already *commenced*; that is, the litigation was not just "reasonably foreseeable." The factual distinctions are thus quite crucial, and nothing in Kosmidis's analysis explains why the attachment of the duty to preserve *after* litigation has commenced informs whether there existed a pre-litigation duty.

Kosmidis further argues that the R & R's distinction between this case and *DeMeo* was wrong. The Court again rejects this argument. In *Demeo*, as the R & R points out, the spoliation issue turned on the fact that the court had entered a preservation order which was subsequently violated by the officers. *See* R & R at 18–19 (discussing *DeMeo*, 754 F. Supp. 2d at 440–41,

445, 448). In his objections, Kosmidis argues that "*DeMeo* was cited . . . because it properly highlights the heightened expectation that a law enforcement officer should understand that certain important evidence may be relevant to anticipated court proceedings," and he further claims that "*DeMeo* nowhere says that a preservation order issued by a court is a prerequisite . . . ." Pl. Obj. at 17. Of course, nowhere does the R & R suggest that a preservation order is a *prerequisite*. Rather, the R & R pointed out that *DeMeo*'s relevance to this case is somewhat strained by the fact that the dispositive issue there—the violation of a preservation order—is not present here. Kosmidis conflates a number of things in his argument, ultimately ignoring that the *DeMeo* court's determination that a duty to preserve had attached was not predicated on a vague and undefined heightened expectation but was instead rooted in the facts of that case. As a result, the R & R's analysis is correct that *DeMeo* is readily distinguishable and of limited utility in this case.

Turning to the destruction of the hand-written Aided Report, Kosmidis challenges the R & R's assertion that there is no reason to believe the handwritten record was different from the electronic version of the Aided Report. *See* Pl. Obj. at 18; *see also* R & R at 23. In the R & R, Judge Lehrburger analyzed *Hamilton v. Mount Sinai Hospital*, 528 F. Supp. 2d 431, 444 (S.D.N.Y. 2007), *aff'd*, 331 F. App'x 874 (2d Cir. 2009) and concluded that, like in *Hamilton*, "Kosmidis similarly offers no reason to believe the handwritten records differ from the electronic version of the Aided Report, and the record similarly does not describe how the electronic copy is produced. . . ." R & R at 23 (citing Dkt. No. 68 at 20). Kosmidis argues that, in refusing to impose sanctions, Judge Lehrburger held "the prejudiced party to too strict a standard of proof regarding the likely contents of the destroyed evidence." Pl. Obj. at 17–18 (citing *Kronisch v. United States*, 150 F.3d 112, 128 (2d Cir. 1998)). And Kosmidis argues that "Plaintiff of course

cannot say exactly what the spoliated handwritten version would say because it is gone." Pl. Obj. at 17. But Kosmidis's argument misrepresents Judge Lehrburger's analysis of *Hamilton*. In *Kronisch*, the Second Circuit cautioned against requiring extensive evidentiary support when determining how to weigh Plaintiff's theory as to the relevance of the destroyed evidence. *See Kronisch*, 150 F.3d at 127–28. But that is not what is at issue here; rather, here, as in *Hamilton*, the core issue is that Plaintiff failed to meaningfully proffer any *theory* as to what may have been inferred from the destroyed evidence. *See* Pl. Obj. at 17 (noting only that Kosmidis cannot determine what the handwritten version would say but not proposing any inference as to what *might* be missing from the computer-generated version). Furthermore, as Judge Lehrburger noted, Kosmidis failed to allege any reason *why* the handwritten records differed from the electronic version, other than the conclusory claim that the computer-generated version *"was able to be* edited." R & R at 23 (citing Dkt. No. 73 at 9) (emphasis added). Without any such theory or allegations, the Court may not summarily rule in the Plaintiff's favor merely due to the fact that the evidence disappeared. *See Kronisch*, 150 F.3d at 127. Indeed, even *Kronisch* observed that some evidence is necessary—a standard also not met here. *Id.* at 128. In that regard, because Kosmidis has given the Court no reason to credit the conclusory assertion that there was any meaningful difference between the handwritten version and the computer-generated version, he has failed to establish that he is prejudiced by the non-production of the handwritten version. And Kosmidis's reliance on the possibility that that the two versions *could* be different is sufficient is too conclusory to sustain any meaningful objection to the R & R, pointing to no error in the R & R other than a general conclusion.

Finally, Kosmidis asserts in his objections to the R & R that "an award of attorney's fees to Plaintiff in connection with the instant motion also would be appropriate." Pl. Obj. at 21.

Here, too, his argument is conclusory. Furthermore, though Kosmidis does not meaningfully explain *why* he is entitled to attorney's fees, in both of the two cases he cites, the Court awarded attorney's fees only after granting the spoliation motion. *See id.* (citing *Sekisui Am. Corp. v. Hart*, 15 F. Supp. 3d 359, 382 (S.D.N.Y. 2014); *Taylor v. City of New York*, 293 F.R.D. 601, 616 (S.D.N.Y. 2013)). After undertaking a *de novo* review of Kosmidis's argument, the Court agrees with Judge Lehrburger that attorneys' fees would not be proper here.

### III.  Conclusion

Having considered all of Kosmidis's objections and arguments and found them to be without merit, the Court adopts Judge Lehrburger's recommendations in full and denies Plaintiff's Motion for Spoliation Sanctions. This resolves docket number 66.

As noted in this Court's February 5, 2020 Order, Dkt. No. 65, any summary judgment motions shall be filed 30 days after the Court's resolution of this motion. Oppositions are due one month thereafter, and replies are due two weeks after oppositions are filed.

SO ORDERED.

Dated: November 30, 2020
New York, New York

_____
ALISON J. NATHAN
United States District Judge