UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONSTANTINO KOSMIDIS et al., <br><br>                          Plaintiffs, <br><br> -against- <br><br> THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., <br><br>                          Defendants. | 18-cv-08413 (JLR) (RWL) <br><br> **ORDER** |

JENNIFER L. ROCHON, United States District Judge:

      The Port Authority Police Sergeant Bernard Buckner, Port Authority Police Officer Steven O'Shea, Port Authority Police Officer Alexander Velez, Jr., Port Authority Police Officer Joseph Riccardi, Jr. ("Individual Defendants") and Port Authority of New York and New Jersey (collectively with the Individual Defendants as "Defendants"), requested in their pretrial brief that the Court grant the Individual Defendants judgment as a matter of law that they are qualifiedly immune from Plaintiff's false arrest claims. *See* ECF No. 148 at 1-4.

      On September 28, 2021, the Court declined to grant summary judgment to the Defendants on the question of whether the Individual Defendants are entitled to qualified immunity because there were questions of fact that would be relevant to the question of whether there was probable or arguable probable cause to arrest Plaintiff. ECF No. 108 at 9. The factual record has not changed. Therefore, the Court will not revisit its prior holding denying summary judgment because there are fact issues that preclude the Court from determining whether the Individual Defendants are entitled to qualified immunity.

      The Court will not administer the jury instruction proposed by Defendants with respect to qualified immunity. ECF No. 138 at 59. It is not appropriate to put the question of qualified immunity to the jury, as that is a question for the Court. *See, e.g.*, *Grant v. Lockett*,

2021 WL 5816245, at *6 (2d Cir. Dec. 8, 2021) (holding that district court abused its discretion in submitting ultimate question of qualified immunity to the jury); *Zellner v. Summerlin*, 494 F.3d 344, 368 (2d Cir. 2007) (holding that "[o]nce the jury has resolved any disputed facts that are material to the qualified immunity issue, the ultimate determination of whether the officer's conduct was objectively reasonable is to be made by the court"); *Collado v. City of New York*, 396 F. Supp. 3d 265, 274 (S.D.N.Y. 2019) (jury should resolve the factual questions related to a qualified immunity determination and then the court should make the ultimate legal determination of whether qualified immunity attaches on those facts).

Defendants alternatively suggest placing special interrogatories to the jury regarding the fact issues relevant to a qualified immunity determination. *See* ECF No. 148 at 4. Plaintiff represented that it would review such interrogatories and provide objections, if any. *See* ECF No. 140 at 2.

Therefore, Plaintiff and Defendants shall meet and confer regarding special interrogatories related to qualified immunity and shall provide the Court with a joint letter by **February 28** that includes (1) the requested process for posing special interrogatories to the jury; and (2) the list of special interrogatories. The parties shall work to come to agreement, but the joint letter shall include references to any objections.

Dated: February 24, 2023
       New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge