# Exhibit 2

```
                                                                    1
     66T8GYAC
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   KWABENA GYASI,

 4                Plaintiff,

 5          v.                              05 Cv. 9453 (SAS)

 6   THE CITY OF NEW YORK, et al.,

 7                Defendants.

 8   ------------------------------x
                                            June 29, 2006
 9                                          4:40 p.m.
10   Before:
11
                      HON. SHIRA A. SCHEINDLIN
12
                                            District Judge
13                        APPEARANCES
14   JOEL BERGER
15       Attorney for Plaintiff

16   MICHAEL A. CARDOZO
         Corporation Counsel of the City of New York
17   SHERYL BRUZZESE
         Assistant Corporation Counsel
18
19
20
21
22
23
24
25
                  SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300
```

```
     66T8GYAC
 1              (In open court)
 2              THE COURT:  Mr. Berger, good afternoon.
 3              Ms. Bruzzese, good afternoon.
 4              I have two letters here, June 26 from Mr. Berger, June
 5   29 in response from you, Ms. Bruzzese.
 6              Is this the only purpose for this conference?
 7              MR. BERGER:  Yes, your Honor.  The conference was
 8   previously scheduled.  It was supposed to be a final status
 9   conference, and we have asked your Honor to extend the time for
10   discovery, which you have done, but we asked that this date be
11   preserved because we knew this issue was coming.
12              THE COURT:  I have read the two letters and the long
13   and short is, when is the appropriate time?  The city is saying
14   it's premature.  You say it would be fine to defer such
15   discovery until a charging conference conducted while the jury
16   is waiting to receive the case.  That's probably true too, but
17   that's not now either.  It's early now; it's late then.  So
18   when is the right time?
19              MR. BERGER:  I think the city would like to never
20   answer frankly.  That's my concern.  I have no problem if the
21   city takes another month, two months, whatever.
22              THE COURT:  I don't know if they are going to move for
23   summary judgment.  They seem to do it reflectively when they
24   shouldn't.
25              Are you going to move for summary judgment in this
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
                                                                    3
        66T8GYAC
  1     case?
  2              MS. BRUZZESE:  At this point, I am not sure.  I need
  3     to take the deposition of the plaintiff and the two witnesses.
  4     There may be disputed facts.
  5              THE COURT:  This person did what?
  6              MR. BERGER:  This person was arrested and run through
  7     the system for making a photocopy of his own certificate of
  8     title of his own vehicle.  I must point out because the city
  9     repeatedly misstates the facts.  For example, if you look at
 10     footnote 2 of Ms. Bruzzese's letter, she says plaintiff
 11     insisted the copy was an original.  If you look at the
 12     officer's write-up of the charges, he quotes Mr. Gyasi as
 13     saying, "No, I photocopied it myself."
 14              The officer knows that this is a bizarre arrest and
 15     keeps changing his story.  He arrested Mr. Gyasi for making a
 16     photocopy of his own certificate of title and charged him with
 17     a felony forgery for doing it.  That's why this case is going
 18     to trial and that's why there is a good chance of punitive
 19     damages, because the one and only time this ever happened, in a
 20     case before Judge Schwartz a few years ago, punitive damages
 21     were awarded because it's such a bizarre thing.  Obviously, if
 22     you make photocopies of official documents for purposes of
 23     misleading somebody, if it's somebody else's document, but it's
 24     your own document and it hasn't been altered.
 25              Incidentally, the back of this document proved that
                      SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

```
                                                                  4
        66T8GYAC
1       title had been transferred to Mr. Gyasi and the officer -- the
2       photocopy was two pages, not front and back. The officer
3       detached the back of the second page from the first page and
4       only vouchered the first page as evidence. The second page
5       that proves it was transferred to Mr. Gyasi and that there was
6       no chance of it being a stolen vehicle wasn't even vouchered as
7       part of the criminal charges.
8                 The case is going to trial. I have no problem with
9       the city taking a month or two if it wants to canvass various
10      executives to find out --
11                THE COURT: Slow down. Assuming we were at this
12      separate hearing before the jury got the punitive damages
13      issue, what would be the point, that the jury would know that
14      the city is going to indemnify the defendant?
15                MR. BERGER: Yes, your Honor.
16                Furthermore, many judges don't even hold a separate
17      hearing. I don't know if you do or don't. The issue often
18      just comes up at the initial charging, which is that in every
19      case I have been involved in, and I have consulted with many
20      colleagues in civil rights cases, the city always wants the
21      jury to be told, Oh, you can only award punitives against the
22      officer individually, not the city.
23                THE COURT: That's true.
24                MR. BERGER: It's also extremely misleading because it
25      leads the jury to believe that the poor officer is going to be
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

```
                                                                  5
     66T8GYAC
 1   left holding the bag.  Which is why we frequently get punitives
 2   for a thousand, two thousand, whatever.
 3           The reality is, and those of us who have tracked this
 4   for years know it, if the city has represented the officer, if
 5   it's a case in which the city has determined the officer is
 6   entitled to representation, it's not an off-duty incident, the
 7   city invariably does indemnify.
 8           THE COURT:  Do you dispute that, Ms. Bruzzese, that at
 9   the end of the day, if this was done in the line of duty during
10   work hours as part of his regular job, when push comes to
11   shove, you will indemnify him if there is punitive damages?  Do
12   you dispute that?
13           MS. BRUZZESE:  Not necessarily.
14           THE COURT:  Not necessarily what?  Was the answer yes?
15           MS. BRUZZESE:  We do dispute that.  Under 50(k), if
16   punitive damages are awarded, there is a finding by the jury
17   that basically the officer violated the rules and regulations,
18   and under that --
19           THE COURT:  I understand.  But Mr. Berger claims the
20   reality is, despite that, you always indemnify the officer for
21   punitive damages, and that's why he wants the discovery,
22   because I agree with him, I am not going to mislead the jury.
23           If in fact discovery were to show that 99 out of 100
24   times when there has been a punitive damage award, in reality,
25   the city has always indemnified, then that's the reality.
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
                                                          6
     66T8GYAC
1    That's the reality, and I am not charging something that's not
2    true.
3             MS. BRUZZESE:  The problem is that I don't understand
4    what claim this goes to.  The discovery needs to likely lead to
5    the discovery of admissible evidence.
6             THE COURT:  Yes.  I will not mischarge the jury.
7             MS. BRUZZESE:  We haven't even gotten to that point.
8             THE COURT:  I am not talking about when.  Put aside
9    when.  Not today or a month or two months.  I am thinking of
10   ever.  Unless you're prepared to concede that if a punitive
11   damage award is made by the jury, the city will pay, at some
12   point this discovery is necessary so as not to mislead the
13   jury.
14            I am not talking about today.  I am not going to rule
15   today, but I want you to understand the issue.  If this case
16   goes to trial, if there is a liability finding, if the jury
17   then gets punitive damages as an issue, I am not going to
18   mislead them, thinking that it comes out of the poor officer's
19   pocket and have the poor officer say, I have a wife and three
20   kids and a mortgage, I can barely afford the payments, and I
21   earn only 38,000, whatever.  I am not going to have all of
22   that.  If in fact the reality is that in the last 100 punitive
23   damages awards the city has always indemnified, I am not going
24   to have that testimony at all about his wife, kids and poor
25   salary, because it's all irrelevant.
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
                                                                    7
        66T8GYAC
  1              MS. BRUZZESE:  I think that discovery comes into play
  2     when and if punitive damages are awarded.
  3              THE COURT:  I agree, for now.  I just wanted to know
  4     if you really are disputing that the city is going to pay
  5     punitive damages if they are awarded.
  6              MS. BRUZZESE:  That's a decision that's over my head
  7     and that's made at the time punitive damages --
  8              THE COURT:  There is a historical record.  That's the
  9     point of the discovery.  It may be a decision over your head,
 10     but the decision may always come out the same way.  If the
 11     conduct occurred during the line of duty, so to speak, if
 12     that's the reality, that discovery would show that in the last
 13     100 cases that punitive damages were awarded the city always
 14     paid, or 99 times out of 100 paid, if that's what the discovery
 15     would show, then I wouldn't allow any evidence at all about the
 16     poor officer and his tax return because it's totally
 17     irrelevant.
 18              MS. BRUZZESE:  My understanding is it's a case-by-case
 19     basis.
 20              THE COURT:  You're not listening.  It is case by case,
 21     but if it always comes out the same way, then that's what the
 22     discovery would show.  It's case by case, but at the end, if
 23     it's always the same, 100 times, that's what the reality is.
 24              I am going to allow that discovery if and when this is
 25     an issue.  It may never be an issue.  The case may settle,
                      SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

```
                                                                    8
     66T8GYAC
 1   liability may be lost, this and that.  I have no idea what is
 2   coming, but somewhere down the road I am not going to mislead
 3   the jury to worry about the poor officer and his bills because
 4   that's irrelevant.
 5            That's all I really need to say today.
 6            MR. BERGER:  Could we set some long-term date for the
 7   city to respond?
 8            THE COURT:  To respond to what?
 9            MR. BERGER:  To the interrogatories.
10            THE COURT:  No.  We will have to see how the case
11   develops.  When I set a trial date, when it's pretty clear we
12   are going to trial because there is no settlement, because
13   there is no summary judgment, when we know what the issues are
14   for trial, we will worry about it then.  I am not going to
15   allow irrelevant testimony that is downright misleading.  When
16   the time comes, I will worry about it.
17            (Adjourned)
18
19
20
21
22
23
24
25
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```